UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RACHEL S.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:19-CV-2028-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating two opinions from Plaintiff's treating physician, Dr. Puttmann.

1    Crediting Dr. Puttmann's opinions as true, the ALJ would be required to find Plaintiff disabled

2    on remand.

3        Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C.

4    § 405(g) to the Social Security Commissioner ("Commissioner") for an award of benefits.

5                    <u>FACTUAL AND PROCEDURAL HISTORY</u>

6        On November 9, 2016 and February 2, 2017, Plaintiff filed applications for DIB and SSI

7    respectively, alleging in both applications a disability onset date of April 16, 2014. *See* Dkt. 11,

8    Administrative Record ("AR") 15, 225-30, 231-37. Her applications were denied upon initial

9    administrative review and on reconsideration. AR 15, 145-47, 148-51, 157-63, 164-70. A hearing

10   was held before ALJ Eric S. Basse on October 10, 2018. AR 36-85. In a decision dated January

11   24, 2019, the ALJ found that Plaintiff was not disabled. AR 12-31. On November 25, 2019, the

12   Social Security Appeals Council denied Plaintiff's request for review. AR 1-6. Plaintiff filed a

13   complaint in this Court seeking judicial review of the ALJ's written decision on December 13,

14   2019. Dkt. 4.

15       In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly

16   discounting opinions from Plaintiff's treating physician, Mary Puttmann, M.D.; (2) not providing

17   clear and convincing reasons for discounting Plaintiff's testimony; and (3) not providing

18   germane reasons for discounting testimony from Plaintiff's partner. Dkt. 13, pp. 3-16. Plaintiff

19   asks this Court to remand this case for an award of benefits. *Id.* at 16.

20                        <u>STANDARD OF REVIEW</u>

21       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

22   social security benefits if the ALJ's findings are based on legal error or not supported by

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                                                    DISCUSSION

4    **I.      Whether the ALJ properly evaluated the medical opinion evidence.**

5            Plaintiff contends that the ALJ erred by rejecting two opinions from her treating

6    physician, Dr. Puttmann. Dkt. 13, pp. 3-8.

7            In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

8    reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*

9    *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

10   1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining

11   physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons

12   that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*

13   *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

14   1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts

15   and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

16   *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

17   Cir. 1989)).

18           Dr. Puttmann first offered an opinion concerning Plaintiff's physical limitations on June

19   9, 2017. AR 699-703. Dr Puttmann opined that Plaintiff could perform sedentary work, but

20   would be "severely limited" (meaning that she would be unable to meet the demands of

21   sedentary work) on "most" days when she has unpredictable flare ups of her fibromyalgia

22   symptoms. AR 700-01. Dr. Puttmann stated that pain and fatigue stemming from her

23

24

1   fibromyalgia affects Plaintiff's ability to carry objects, communicate with others, and sustain

2   activity, but also stated Plaintiff was hyperflexible and had a good range of motion. AR 700.

3       Dr. Puttmann offered a similar opinion concerning Plaintiff's physical functional capacity

4   on April 16, 2018. AR 708-09. Dr. Puttmann opined that due to her fibromyalgia symptoms,

5   Plaintiff would be unable to stand and/or walk at all during an 8-hour workday, could sit 4 hours,

6   and lift/carry up to 20 pounds occasionally and 10 pounds frequently. AR 708. Dr. Puttmann

7   added that Plaintiff's symptoms would interfere with her ability to maintain concentration,

8   persistence, and pace and would likely cause her to miss up to 3 full days of work per month. AR

9   709. Dr. Puttmann further opined that Plaintiff's fibromyalgia would likely reduce her

10  productivity by more than 25 percent. *Id.*

11      The ALJ gave "partial weight" to Dr. Puttmann's June 2017 opinion. AR 27. The ALJ

12  assigned "significant weight" to the portion of Dr. Puttmann's opinion indicating that Plaintiff

13  could perform sedentary work, and to a subsequent opinion from Myrna Palasi, M.D., a

14  physician who reviewed Dr. Puttmann's opinion and similarly found that Plaintiff could perform

15  sedentary work. AR 27, 712. The ALJ assigned "less weight" to Dr. Puttmann's opinion that

16  Plaintiff would be unable to perform sedentary work on most days due to her unpredictable

17  fibromyalgia flare ups. AR 27. The ALJ reasoned that Dr. Palasi's opinion and the part of Dr.

18  Puttmann's opinion indicating that Plaintiff could perform sedentary work were consistent with:

19  (1) physical examinations conducted during the period at issue; (2) Plaintiff's relatively

20  conservative course of treatment; and (3) Plaintiff's self-reported activities of daily living. AR

21  27.

22      The ALJ similarly assigned "little weight" to Dr. Puttmann's April 2018 opinion,

23  reasoning that while Plaintiff reported experiencing unpredictable flare ups of her fibromyalgia

24

1   symptoms, these alleged symptoms: (1) were not as limiting or as frequent as she indicated,

2   given her essentially normal presentation during physical examinations; and (2) improved with

3   treatment. AR 28.

4       With respect to the ALJ's first reason for discounting both Dr. Puttmann's opinions, a

5   finding that a physician's opinion is inconsistent with the medical record may serve as a specific

6   and legitimate reason for discounting that opinion. *See* 20 C.F.R. §§ 404.1527(c)(4),

7   416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole,

8   the more weight [the Social Security Administration] will give to that medical opinion.");

9   *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical

10   opinions that conflict with treatment notes).

11       Here, the ALJ found that Dr. Puttmann's opinion that Plaintiff would be unable to

12   perform sedentary work on most days due to her unpredictable fibromyalgia flare ups was

13   inconsistent with the medical record, which indicates that during the period at issue, Plaintiff

14   typically exhibited a normal gait, reflexes, and muscle tone, grossly intact sensation, full motor

15   strength and range of motion in her upper and lower extremities, and normal/near normal range

16   of motion in her cervical spine, lumbar spine, knees, and hips. AR 22, 27, 328, 331, 333, 339,

17   341, 343, 345, 348-50, 353, 358, 366-67, 371, 373-74, 378, 380, 497, 667, 687, 702-03, 705,

18   759, 768, 772, 777, 789, 798, 806, 811, 814.

19       Plaintiff contends that the ALJ's citation to this evidence is not a compelling reason to

20   discount Dr. Puttmann's opinion, given that fibromyalgia symptoms wax and wane, and the ALJ

21   did not clearly explain how these normal examination findings were inconsistent with Dr.

22   Puttmann's findings. Dkt. 13, p. 4, citing *Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017);

23

24

1  Social Security Ruling ("SSR") 12-2p ("symptoms of fibromyalgia can wax and wane so that a

2  person may have bad days and good days").

3        The Social Security Administration must set forth the reasoning behind its decisions in a

4  way that allows for meaningful review, and the ALJ must build an accurate and logical bridge

5  from the evidence to his or her conclusions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th

6  Cir. 2015); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted); *see also*

7  *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (An ALJ errs when he or she "merely

8  states" that facts "point toward an adverse conclusion" yet "makes no effort to relate any of

9  these" facts to "the specific medical opinions and findings he rejects.").

10        Here, the ALJ reasoned that Dr. Puttmann's opinion that Plaintiff would be unable to

11  meet the demands of sedentary work on "most" days due to her unpredictable flares was

12  inconsistent with the medical record during the period at issue, which revealed that Plaintiff's

13  flare ups were not as frequent or as intense as Dr. Puttmann indicated in her opinion. AR 27-28.

14        The Ninth Circuit has cautioned against relying upon normal physical examination

15  findings to discount medical opinions and claimant testimony concerning fibromyalgia, noting

16  that findings of normal muscle strength, tone, and stability, as well as a normal range of motion,

17  are "perfectly consistent" with debilitating fibromyalgia, a condition diagnosed "entirely on the

18  basis of patients' reports of pain and other symptoms." *Revels*, 874 F.3d at 663, 666, citing

19  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

20        Here, Plaintiff testified that she stopped working in April 2014 due to symptoms of pain

21  and fatigue, and stated that she is unable to leave the house due to ongoing pain, fatigue,

22  difficulty concentrating due to brain fog, and the erratic nature of her symptoms. AR 48, 50-51,

23  279. Plaintiff stated that she would be unable to perform even a sedentary job due to fatigue. AR

24

1   57. Throughout the period at issue, Plaintiff consistently complained of fibromyalgia related

2   symptoms, including muscle pain and weakness, fatigue, and brain fog, and reported several

3   flare ups. AR 327-28, 346, 513, 529, 564, 574, 644, 664, 704, 750, 771, 774-75, 798, 800.

4        Accordingly, the ALJ's finding that physical examinations results were inconsistent with

5   Dr. Puttmann's opinions concerning Plaintiff's debilitating fibromyalgia limitations cannot, by

6   itself, serve as a specific and legitimate reason for discounting those opinions.

7        As for the ALJ's second reason for discounting both Dr. Puttmann's opinions, a finding

8   that a claimant's condition has improved with treatment can serve as a specific and legitimate

9   reason for discounting a medical opinion. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv)

10  (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's

11  alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of

12  medical treatment successfully relieving symptoms can undermine a claim of disability).

13       The evidence cited by the ALJ in support of this conclusion consists of treatment notes in

14  which Plaintiff reported some improvement in her symptoms with medications such as

15  Gabapentin, Lyrica and medical marijuana. AR 351-53, 355, 367, 664, 686-87, 690, 788, 800,

16  804.

17       The ALJ has not accurately characterized the record concerning the effectiveness of

18  Plaintiff's treatment regimen. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (finding that

19  the ALJ erred by improperly singling out a few periods of temporary well-being from a sustained

20  period of impairment and relied on those instances to discredit a claimant); *see also Lingenfelter*

21  *v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007) (The Court must consider the entire record as a

22  whole, weighing both the evidence that supports and detracts from the Commissioner's finding,

23  and may not affirm simply by isolating a specific quantum of supporting evidence.")

24

1    Here, while Plaintiff reported that Lyrica helped with her fibromyalgia symptoms, its

2    effectiveness fluctuated during the period at issue. AR 330, 544, 784, 788. Further, the ALJ did

3    not consider the significant side effects Plaintiff experienced when taking Lyrica, which caused

4    cognitive difficulties, or Gabapentin, which caused severe memory problems and blackouts. AR

5    58, 330, 346, 356, 533, 664. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv); 416.929(c)(3)(iv) (noting that

6    an ALJ must consider side effects of medication taken for pain or other symptoms when

7    assessing allegations of disabling symptoms); *see also* SSR 16-3p (noting that a claimant may

8    not agree to take prescription medications because the side effects are less tolerable than the

9    symptoms). Finally, the ALJ did not consider that several treatments Plaintiff underwent for her

10   fibromyalgia, including Loratadine and an H1 blocker, were ineffective at relieving her

11   fibromyalgia symptoms. AR 784-85; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006

12   (9th Cir. 2006) (noting that impairments that can be *effectively* controlled by medication or

13   treatment are not considered disabling for purposes of social security benefits) (emphasis added).

14       Accordingly, the ALJ's conclusion that Plaintiff's treatment relieved her symptoms

15   cannot serve as a specific and legitimate reason for discounting Dr. Puttmann's opinions.

16       With respect to the ALJ's third reason for discounting Dr. Puttmann's June 2017 opinion,

17   a claimant's participation in everyday activities indicating capacities that are transferable to a

18   work setting may constitute a specific and legitimate reason for discounting a medical opinion.

19   *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

20       However, disability claimants should not be penalized for attempting to lead normal lives

21   in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing

22   *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not

23   "vegetate in a dark room" in order to be deemed eligible for benefits).

24

1    Here, the ALJ reasoned that Dr. Puttmann's opinion concerning Plaintiff's physical

2    limitations was inconsistent with her reported abilities to perform certain activities, including

3    roller skating, hiking, art making, cleaning, driving a car, running errands, going to a spa,

4    traveling abroad, and participating in physical and art therapy sessions and an art class. AR 27.

5    Plaintiff's ability to engage in these basic activities of daily living cannot serve as a

6    specific and legitimate reason for discounting Dr. Puttmann's opinion. *See Vertigan v. Halter*,

7    260 F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that the mere fact that a

8    plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited

9    walking for exercise, does not in any way detract from her credibility as to her overall disability.

10   One does not need to be 'utterly incapacitated' in order to be disabled."), citing *Fair v. Bowen*,

11   885 F.2d 597, 603 (9th Cir.1989); *see also Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir.

12   2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and

13   caring for a cat in one's own home, as well as occasional shopping outside the home, are not

14   similar to typical work responsibilities.").

15   Accordingly, the ALJ has not provide any specific and legitimate reasons for discounting

16   Dr. Puttmann's opinions.

17   **II.    Other Issues.**

18   Plaintiff contends that the ALJ erred in evaluating her symptom testimony and testimony

19   from her partner. Dkt. 13, pp. 8-16. Because this case be resolved without considering the ALJ's

20   assessment of this evidence, the Court declines to address these issues.

21   **III.   Remedy.**

22   The Court may remand a case "either for additional evidence and findings or to award

23   benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

2   agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

3   Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

4   evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*,

5   211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

6       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
          claimant's] evidence, (2) there are no outstanding issues that must be resolved
7         before a determination of disability can be made, and (3) it is clear from the
          record that the ALJ would be required to find the claimant disabled were such
8         evidence credited.

9   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

10  2002).

11      Here, the ALJ has not provided specific and legitimate reasons for discounting the

12  opinions of Plaintiff's treating physician, Dr. Puttmann. The record has been fully developed,

13  and there are no outstanding issues to resolve. The vocational expert's testimony was clear that if

14  Dr. Puttman's opinions concerning Plaintiff's physical limitations, specifically her opinion that

15  Plaintiff's symptoms would likely reduce her productivity by more than 25 percent, were

16  credited as true, the ALJ would be required to find Plaintiff disabled on remand. AR 83, 709.

17  Accordingly, remand for an award of benefits is the appropriate remedy.

18      Dated this 11th day of August, 2020.

19

20                                          David W. Christel
                                            United States Magistrate Judge
21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10